**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HUI LI,

               Petitioner,

   v.

ERIC H. HOLDER Jr., Attorney General,

               Respondent.

No. 08-73048

Agency No. A099-051-443

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 19, 2012
San Francisco, California

Before: HAWKINS, N.R. SMITH,[**] and MURGUIA, Circuit Judges.

Hui Li ("Li"), a native and citizen of China, seeks review of a Board of

Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] Judge N.R. Smith was drawn to replace Judge Betty Binns Fletcher. Judge Smith has read the briefs, reviewed the record, and listened to the oral arguments that were held on October 19, 2012.

denial of his application for asylum and withholding of removal. The IJ found that Li lacked credibility.

We express no opinion on the adverse credibility issue at this time because of an intervening development: We were informed at oral argument that Li has voluntarily left the United States and returned to China.[1] Li's departure has potential legal ramifications for his case. Under IIRIRA, this court retains jurisdiction for petitioners who are "excluded, deported, or removed" while their petition for review is pending. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (holding petitioner's removal to Mexico did not strip this court of jurisdiction). Here, Li was granted a temporary stay of removal. Despite this grant, Li left the United States voluntarily (not through exclusion, deportation, or removal). We therefore cannot determine whether Li's asylum application survives his departure or whether Li's departure mooted or abandoned his petition for review. *See* 8 C.F.R. § 1208.8 (a) ("An applicant who leaves the United States without first obtaining advance parole under § 212.5(f) of this chapter shall be presumed to have abandoned his or her application under this section.").

---

[1] Li's counsel represents that Li returned to China "within the last year or so" because his parents were gravely ill and ultimately passed away within three or four months of one another.

Because the agency has not had the opportunity to evaluate the consequences of this significant intervening development, we remand for the BIA to consider it in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam); *see also Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1170 (9th Cir. 2006) (remanding for BIA to consider effect of minute order entered after BIA issued initial decision).

**REMANDED** for further proceedings consistent with this disposition.